UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO POLANCO,

                    Petitioner,

– against –

J.T. SMITH,

                    Respondent.

**OPINION AND ORDER**

16 Civ. 3467 (ER) (KHP)

Ramos, D.J.:

Alberto Polanco ("Polanco" or "Petitioner") brought a *pro se* petition ("the Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court, New York County on one count of first-degree possession, two counts of second-degree and fourth-degree conspiracy, and two counts of second-degree criminal possession of a forged instrument. On November 3, 2017, Magistrate Judge Parker issued a Report and Recommendation ("R&R"), recommending that the Petition be granted in part and that all counts for which Petitioner was convicted be vacated except for his conviction for second-degree conspiracy. Doc. 42. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

### I. BACKGROUND

On April 30, 2001, Petitioner was arrested by the Special Narcotics Prosecutor of New York and charged with conspiracy in the second degree and criminal possession of a controlled substance in the first degree. R&R at 3. Petitioner was accused of running a drug trafficking scheme with his brother between May and November 2000 in which they possessed and distributed hundreds of kilos of cocaine. *Id.* at 3–4. Petitioner was first tried for these crimes in

March 2003; however, that trial ended in a hung jury. *Id.* at 4. In September 2003, the prosecutor informed the state court that he would present evidence to a grand jury to obtain a superseding indictment. *Id.* The ensuing indictment included the two original counts as well as one count of fourth-degree conspiracy, two counts of first-degree criminal sale of a controlled substance, one additional count of first-degree criminal possession of a controlled substance, two counts of second-degree criminal possession of a forged instrument, and one count of first-degree criminal sale and possession of marijuana. *Id.* Petitioner proceeded to trial and was found guilty on five counts on December 1, 2004.[1] *Id.* at 5.

On October 15, 2009, Petitioner moved *pro se* to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. *Id.* at 18. He argued that his counsel was ineffective for stipulating to the weight and nature of the narcotics recovered in the case. *Id.* On January 19, 2010, the Supreme Court denied the motion because Petitioner failed to attach an affidavit from his attorney explaining why the attorney chose to stipulate to the lab report. *Id.* Petitioner sought leave to appeal, and on May 10, 2010, the Appellate Division, First Department ("First Department") denied Petitioner's motion. *Id.*

Meanwhile, Petitioner filed a renewed motion to vacate in the Supreme Court on March 15, 2010, arguing that he tried to contact his attorney but did not receive a response. He added additional grounds for his motion to vacate, including that his attorney was ineffective for failing to move to dismiss the superseding indictment on statutory double jeopardy grounds. *Id.* On February 11, 2011, the Supreme Court found that Petitioner's attorney acted reasonably in stipulating to the nature and weight of the drugs recovered. *Id.* at 19. That court did not,

---

[1] Petitioner was found guilty on one count of first-degree possession, two counts of second-degree and fourth-degree conspiracy, and two counts of second-degree criminal possession of a forged instrument.

however, address Petitioner's arguments regarding double jeopardy. *Id.* On March 11, 2011, Petitioner sought leave to appeal, which the First Department denied on August 11, 2011. Petitioner later moved for reconsideration, which the First Department denied in an order entered on April 17, 2012. *Id.*

On February 12, 2013, Petitioner, now represented by counsel, filed a direct appeal of his conviction in the First Department. *Id.* at 20; *see also* State Court Record at SR0401–72 (Doc. 13-6). Petitioner also filed a supplemental brief *pro se* in which he made additional arguments, including that his trial attorney was ineffective for failing to move to dismiss the superseding indictment. R&R at 20. On October 2, 2014, the First Department denied Petitioner's appeal and affirmed the conviction. *Id.* at 21. The First Department found that Petitioner's ineffective assistance of counsel claim was "unreviewable" because it involved matters not fully explained in the record and alternatively found that Petitioner "received effective assistance." *Id.* at 22. Petitioner moved for leave to appeal to the New York Court of Appeals on October 27, 2014. On February 3, 2015, that motion was denied. *Id.*

In September 2015, Petitioner filed a second motion to vacate in the trial court. *Id.* at 23. On February 15, 2017, the Supreme Court denied Petitioner's motion, finding that double jeopardy concerns were not implicated because Petitioner's first trial ended in a mistrial. *Id.* at 23–24.

While Petitioner's second motion to vacate was pending, Petitioner filed his Petition in this Court on May 9, 2016.[2] Doc. 2. The Court referred the case to Magistrate Judge Parker on November 11, 2016. On November 3, 2017, Judge Parker issued the R&R, recommending that

---

[2] The Petition originally sought to vacate Polanco's conviction for second-degree conspiracy. However, in a letter dated November 1, 2017, Petitioner wrote to the Magistrate Judge agreeing his conviction on that count alone should stand. Doc. 41.

3

the Petition be granted as to all counts of Petitioner's conviction, save for the count of second degree criminal conspiracy. Doc. 42. Specifically, Judge Parker determined that under New York's double jeopardy statute, the prosecutor was prohibited from bringing new charges in the superseding indictment he filed subsequent to the mistrial, and that Petitioner's attorney was ineffective because he failed to move to dismiss the superseding indictment. *Id.* at 30–33. In a letter to the court on November 9, 2017, Petitioner's counsel explained that neither party had any objections to the R&R and urged the Court on behalf of both parties to adopt the R&R "as soon as possible" given the probability that Petitioner is entitled to immediate release because he has already potentially served the entire sentence imposed on the sole surviving count of conviction. Doc. 44.

## II. STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise written objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95 Cr 1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. CONCLUSION

No party has objected to the R&R.; indeed the parties have advised the Court that they consent to Judge Parker's findings. The Court has reviewed Judge Parker's thorough and well-reasoned report and finds no error, clear or otherwise. It is therefore ORDERED that: (1) the R&R is ADOPTED in its entirety; (2) the Petition is GRANTED in part and DENIED in part; (3) Petitioner's convictions for first-degree possession, fourth-degree conspiracy, and two counts of second-degree criminal possession of a forged instrument are VACATED; and (4) the case be remanded to New York Supreme Court for further proceedings consistent with this order.

Dated: November 14, 2017
New York, New York

Edgardo Ramos, U.S.D.J.